IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RONNIE G JACKSON, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:16-CV-00774-KPJ |
| § | |
| v. § | |
| § | |
| CITY OF SHERMAN, TEXAS, § | |
| § | |
| Defendant. § | |
| § | |

## ORDER

Before the Court is Defendant's Renewed Partial Motion to Dismiss Under Rule 12(b)(1) (Dkt. 27). Upon review of the motion and responsive briefing, the Court finds that the Motion is **DENIED**.

### I. BACKGROUND

On November 8, 2016, City of Sherman, Texas ("Defendant" or "the City") filed a motion to dismiss. *See* Dkt. 6. On February 1, 2017, Ronnie G. Jackson ("Plaintiff" or "Jackson") filed a First Amended Complaint. *See* Dkt. 24. The Court denied the original motion to dismiss as moot on February 8, 2017. *See* Dkt. 25. Defendant filed the present motion to dismiss on February 22, 2017. *See* Dkt. 27. Plaintiff filed a response on March 8, 2017. *See* Dkt. 30.

### II. STANDARD

Defendant moves for dismissal of claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Dkt. 6. A motion to dismiss under Rule 12(b)(1) challenges the subject-matter jurisdiction of the court. *See Ramming v. United States*, 281 F.3d 161 (5th Cir. 2001). The

party asserting jurisdiction bears the burden of proof on the Rule 12(b)(1) motion to dismiss. *See id*. The court properly dismisses a case for lack of subject-matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *See CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt the plaintiff cannot prove a plausible set of facts in support of her claim. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court may find a plausible set of facts by considering: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See id*. The court must accept all well-pleaded allegations in the complaint as true and construe those allegations in light most favorable to the plaintiff. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Further, because the United States is a sovereign, the terms of its consent to be sued "define the federal courts' jurisdiction to entertain suits against it." *See Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000).

### III.   ANALYSIS

Plaintiff's First Amended Complaint alleges claims against Defendant for violations of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990" or "ADA") and the Texas Labor Code §451.001, *et seq*. *See* Dkt. 24 at 4-6. Plaintiff's claims stem from his termination as an employee of Defendant in September of 2015. *See id.* at 2. Plaintiff details that he injured his right knee while performing his duties for the City in July of 2014, reported his injury, and then filed a workers' compensation claim with the Division of Workers' Compensation of the Texas Department of Insurance. *See id.* Plaintiff asserts that Defendant received regular updates on his workers' compensation claim and that the claim was active and

proceeding when he was discharged. *See id.* at 2-3. Plaintiff alleges that a Texas Workers' Compensation Work Status Report describing Plaintiff's physician-prescribed physical restrictions played a role in his termination. *See id.* at 3. Plaintiff alleges that the essential functions of the Data Entry position he then held did not require any of the physical restrictions placed on him, and therefore, Defendant's stated reason for his discharge (being unable to perform essential functions of his job) is false. *See id.* at 3,5. Plaintiff asserts a federal claim for discrimination in the workplace on the basis of his disability or perceived disability and a state law claim of discrimination for filing a workers' compensation claim. *See id.* at 4-6.

Defendant does not contest the Court's jurisdiction over federal claims, but contends that the Court has no jurisdiction over Plaintiff's state law claim. *See* Dkt. 27 at 4. In order for the Court to have supplemental jurisdiction over a plaintiff's state law claim, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Further, where a plaintiff's claims are "such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.*

Defendant argues that Plaintiff's state law claim bears no discernible connection to his ADA discrimination claim, contending that the only alleged connection between the claims is Defendant's reliance on a document created in the due course of a workers' compensation process in making the decision to terminate Plaintiff's employment. *See id.* at 5-6. The Court finds that both claims do arise from the same nucleus of operative fact, namely the termination of Plaintiff and alleged claims associated with this employment decision.

Defendant also contends that the Court does not have supplemental jurisdiction over a claim of vicarious liability, as vicarious liability is not an independent claim. *See* Dkt. 27 at 7.

Plaintiff does not assert vicarious liability as an independent claim. *See* Dkt. 24 at 6. As Plaintiff notes, the Amended Complaint details vicarious liability is a theory of viability rather than a legal claim. *See* Dkt. 30 at 1.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Defendant's Renewed Partial Motion to Dismiss Under Rule 12(b)(1) (Dkt. 27) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 3rd day of April, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE