IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE G. JACKSON, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 4:16-CV-774-KPJ |
| | § | |
| v. | § | |
| | § | |
| CITY OF SHERMAN, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant City of Sherman, Texas's ("Defendant" or the "City") Amended Motion for Summary Judgment (Dkt. 59). Plaintiff Ronnie G. Jackson ("Plaintiff") filed a response in opposition (Dkt. 67), and Defendant filed a reply ((Dkt. 69). Also before the Court is Defendant's Motion to Dismiss Plaintiff's Workers' Compensation Claim Under 12(b)(1) (Dkt. 60),[1] to which Plaintiff filed a response in opposition (Dkt. 70), and Defendant filed a reply (Dkt. 79). As set forth below, the motion for summary judgment (Dkt. 59) is **DENIED**, and the motion to dismiss (Dkt. 60) is **GRANTED**.

### I.  BACKGROUND

This lawsuit arises from Plaintiff's federal law claim that his employment with the City of Sherman was terminated in violation of 42 U.S.C. § 12101, *et seq*, the Americans with Disabilities Act of 1990, as amended (the "ADA"). Plaintiff also asserts a claim for violation of Texas Labor Code § 451.000, *et. seq.*, and "vicarious liability." *See* Dkt. 24. Plaintiff's vicarious liability claim is predicated on his assertion that Defendant was liable for the wrongful acts of its agents, employees, and/or representatives. Plaintiff alleges he was demoted and denied reasonable

---

[1] The Court notes that Defendant's challenge to the Court's subject matter jurisdiction over Plaintiff's workers compensation claim is also asserted in its summary judgement motion. *See* Dkt. 59 at 20-21.

1

accommodation in violation of the ADA. *See* Dkt. 24. The ADA prohibits workplace discrimination on the basis of a disability. Plaintiff also alleges Defendant violated Section 451.001 of the Texas Labor Code, which prohibits retaliation for filing a workers' compensation claim.

Plaintiff was employed by the City for over nine (9) years. Plaintiff injured his right knee on or about July 11, 2014, while performing his duties as a Lead Mechanic. Dkt. 24 at ¶ 6-7. Plaintiff reported his injury and filed a workers' compensation claim with the Division of Workers' Compensation of the Texas Department of Insurance. *Id.* at ¶ 6-7. He alleges that on or about September 2, 2015, he was discharged effective September 30, 2015, and at the time of his discharge, he was employed in "Data Entry in the RTA system." *Id.* at ¶ 5. Plaintiff alleges that a Texas Workers' Compensation Work Status Report describing Plaintiff's physician-prescribed physical restrictions played a role in his termination. *Id.* at 3.

## II. LEGAL STANDARD

### A. RULE 12(B)(1) MOTION TO DISMISS

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Id.* To determine whether a federal question is involved requires the court to consider whether the complaint states a claim "arising under" federal law. *Rodriguez v. Texas Comm'n of*

*Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998), *aff'd sub nom. Rodriguez v. Texas Comm'n on the Arts*, 199 F.3d 279 (5th Cir. 2000).

A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, if presumed to be true, sufficiently state a basis for subject matter jurisdiction. If a governmental entity is immune, the court lacks subject matter jurisdiction. *See Capozzoli v. Tracey*, 663 F.2d 654, 657 n. 2 (5th Cir. 1981). As the party asserting jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional requirements have been met. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court should dismiss a suit for lack of subject matter jurisdiction if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

### B. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. Tex. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### III. ANALYSIS

As explained above Plaintiff brings a federal claim under the ADA, as well as a workers' compensation claim under Texas Labor Code §451.001, *et seq*. Defendant seeks dismissal of Plaintiff's workers' compensation claim on the basis that the Court lacks subject matter jurisdiction. *See* Dkt. 59.

**A. PLAINTIFF'S WORKERS' COMPENSATION CLAIM**

**1. The Court's Previous Denial on the Basis of Supplemental Jurisdiction**

The Court previously denied Defendant's request for dismissal of Plaintiff's workers' compensation claim. *See* Dkt. 32. However, the asserted basis for dismissal at that time was the

Court's exercise of supplemental jurisdiction over Plaintiff's state law claim. *See id*. Defendant then argued the Court should not exercise supplemental jurisdiction because Plaintiff's state law claim did not "derive from a common nucleus of operative fact." *See* Dkt. 27 at. at 5-6; *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), However, the Court found that Plaintiff's state law claim did arise from the same nucleus of operative fact, namely Plaintiff's termination and his alleged claims associated with said termination. *See* Dkt. 32 at 3.

### 2. Timeliness of Defendant's Jurisdictional Challenge

Defendant now argues that Plaintiff's workers' compensation claim should be dismissed because the City's governmental immunity bars Plaintiff's workers' compensation claim. *See* Dkt. 60. Plaintiff argues that Defendant's motion to dismiss Plaintiff's workers' compensation claim is untimely because it was filed after the dispositive motion deadline in this case. *See* Dkt. 70. However, as noted above, Defendant first raised the issue of the Court's lack of subject matter jurisdiction in its motion for summary judgment, which was timely filed. *See* Dkt. 59 at 20-21. Even were that not the case, Plaintiff's argument must fail.

A party may raise objections to subject matter jurisdiction at any time. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), *see also* FED. R. CIV. P. 12(h)(3). Accordingly, a party may move to dismiss a case because the trial court lacked subject matter jurisdiction even after trial. *Id*. at 435. In the Fifth Circuit, "a factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)). A motion to dismiss based on governmental immunity challenges a court's subject-matter jurisdiction. *See Capozzoli v. Tracey*, 663 F.2d 654, 657 n. 2 (5th Cir. 1981); *Stanley v. Centr. Intelligence Agency*, 639 F.2d

1146, 1157 (5th Cir. 1981). As such, Defendant may bring its jurisdictional motion even though the deadline for motions to dismiss has passed. Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Henderson*, 562 U.S. at 434. Accordingly, Defendant's jurisdictional challenge is not time barred.

### 3. The Merits of Defendant's Jurisdictional Challenge

Having addressed Plaintiff's challenges to Defendant's motion on the basis that the Court previously denied the motion and the timeliness of the jurisdictional challenge, the Court turns to the substantive issue of whether the City is entitled to governmental immunity. Upon review of the case law cited by Defendant, the Court agrees with Defendant's argument that both federal courts and the Texas Supreme Court recognize governmental immunity from suit when a plaintiff brings a claim for discrimination under the Texas Anti-Retaliation Law. *See* TEX. LAB. CODE § 451.001(1). In *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-59 (Tex. 2011) (concluding that in light of the 2005 legislative amendment to Chapter 504, "a retaliatory discharge claim may not be brought against the government without its consent and the Political Subdivisions Law no longer provides such consent by waiving the government's immunity"); *see also Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528 (Tex. 2012) (reexamining and upholding the decision in *Travis*); *Elmore v. Collin County, Texas*, 2012 WL 1554883 (E.D. Tex. 2012) (citing *Travis*, 342 S.W.3d at 56 (finding that "sovereign or governmental immunity generally protects the government from liability for the performance of governmental functions, such as the hiring and firing of employees"); *Gore v. Cedar Hill Indep. Sch. Dist.*, 2016 WL 4597513, at *1 (N.D. Tex. 2016), *report and recommendation adopted*, 2016 WL 4593515 (N.D. Tex. 2016) (finding that as a "political subdivision" of Texas, Cedar Hill ISD is "protected by governmental immunity").

Based on the foregoing, the Court finds the City is entitled to governmental immunity, and Plaintiff's claim pursuant to Chapter 451 of the Texas Labor Code should be dismissed for lack of subject matter jurisdiction. Accordingly, Defendant's motion to dismiss (Dkt. 60) is **GRANTED**.

### B. PLAINTIFF'S ADA CLAIM

Defendant alleges that Plaintiff cannot satisfy the necessary elements to bring a claim under the ADA because: (1) he could not perform the essential functions of his job, and therefore, is not a qualified individual; and (2) the City had a non-discriminatory reason for his discharge, and therefore, Plaintiff was not subject to an adverse employment action because of his disability. *See* Dkt. 59.

Plaintiff counters that the because the essential functions of the position he held at the time of his discharge did not require any of the physical restrictions placed on him, Defendant's stated reason for his discharge (being unable to perform essential functions of his job) is false. *See* Dkt. 67; *see also* Dkt. 24 ¶ 17-18. Plaintiff also argues that Defendant failed to engage in an interactive process to work with Plaintiff in good faith as required by the ADA. *See* Dkt. 67 at 1, 9-10. According to Plaintiff, he could have performed the duties of Lead Mechanic with minimal restrictions. *See* Dkt. 67 at 10.

Plaintiff contends he was a "qualified individual" at the time of his discharge. *See* Dkt. 67. The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Defendant argues that the summary judgment evidence Plaintiff offers in support of his claim fails to show that Plaintiff could have performed the essential functions of a Lead Mechanic with reasonable accommodation. *See* Dkt. 68. However, Plaintiff avers that the "modified duty position specifically tailored to [him]" constituted

a reasonable accommodation and a "bona fide offer of employment." *See* Dkt. 67 at 7-8. According to Plaintiff, Defendant revoked its reasonable accommodation when it learned that Plaintiff's physical restrictions would be permanent. *See* Dkt. 67 at 8.

Plaintiff points to a letter from the City dated April 6, 2017 (the "Modified Duty Letter"), wherein the City assigned Plaintiff to perform the duties of "Data Entry in the RTA system." *See* Dkt. 67-8. The Modified Duty Letter specifically states that it is a "bona fide offer of employment pursuant to TWCC Rule 129.6," and that the Data Entry position was designed using guidelines from Plaintiff's treating physician "relating to [his] current medical condition and [ ] ability to work." *See id*. Plaintiff was required to—and did—sign the Modified Duty Letter accepting the offer. *Id*. Defendant argues that the Modified Duty Letter was not intended to create a new position separate from Plaintiff's position as Lead Mechanic. *See* Dkt. 69 at 5. Defendant argues that although Plaintiff was assigned to perform the duties of "Data Entry in the RTA System," his position remained Lead Mechanic. *See* Dkt. 69 at 5. According to Defendant, the Data Entry position was intended to be temporary, and "it was not required to create a new permanent position or wait indefinitely for Plaintiff's health to improve." *See* Dkt. 59 at 14 (citing *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996)). Defendant also avers that "the position was always understood to be temporary because the data-input function [ ] was [in the process] of being outsourced." *Id*. at 16.

Defendant further argues the language "pursuant to TWCC Rule 129.6" is critical in that reading the term "modified duty position" in the context of TWCC Rule 129.6 can "only properly be read as offering a **temporary** modified duty position." Dkt. 59 at 16 (emphasis in original). Plaintiff counters that Defendant misrepresents TWCC Rule 129.6. *See* Dkt. 67 at 12. Directing the Court to the testimony of Wayne Blackwell ("Blackwell"), the City's former Director of

Human Resources, Plaintiff argues that TWCC Rule 129.6 relates only to the payment of temporary benefits and does not mandate that all modified job offers are only temporary. *Id.*; Dkt 67-5 at 5, 16: 1,4-18. Defendant also argues that Blackwell lacked authority to create a new position. *See* Dkt. 59 at 17. Although Defendant makes conclusions about what these facts *must* mean, based on the record before it, the Court cannot conclude there is no genuine issue of material fact as to the meaning and effect of the Modified Duty Letter. Accordingly, summary judgment is not proper on this ground.

Plaintiff also argues that Defendant violated the ADA by terminating Plaintiff without engaging in an "interactive process." *See* Dkt. 67 at 10; s*ee also Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Parish*, 230 Fed. Appx. 361, 364 (5th Cir. 2007) (quoting 29 C.F.R. § 1630.2(o)(3)) (unpublished); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 (5th Cir. 1999). Plaintiff argues that Defendant made the decision to terminate Plaintiff once it learned Plaintiff's restrictions would be permanent. *See* Dkts. 67 and 67-2 at 22. Plaintiff avers he could have performed the essential functions of the Lead Mechanic position with minimal reasonable accommodation. *See* Dkt. 67 at 10. Defendant counters that it engaged in the interactive process even before Plaintiff returned to work and argues that Plaintiff did not suggest or seek any further accommodation after the City determined Plaintiff's modified duty position would be eliminated. *See* Dkt. 69 at 9.

Based on the record, it is unclear whether, or to what extent, Defendant engaged in an interactive process once it learned of Plaintiff's permanent restrictions. The record is also unclear regarding what happened from the time Defendant was notified of Plaintiff's permanent restriction (May 7, 2015) to the time Defendant informed Plaintiff he would be terminated (September 2, 2015). *See* Dkts. 59 at 8-9 and 59-1 at 7, 41. In light of Defendant's position that the modified duty position was intended to be temporary (*see* Dkt. 59 at 15-16), the record evidence indicating that

Defendant was awaiting the final outcome of Plaintiff's medical restrictions to determine the length of the temporary position (*see* Dkt. 67-2 at 22), and the lack of any record evidence that Plaintiff and Defendant engaged in an interactive process between May 2015, and September 2015, the Court concludes that this is a fact issue that should be presented to a jury.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 59) is **DENIED** as to Plaintiff's ADA claim and **DENIED** as moot as to Plaintiff's workers' compensation claim. Defendant's motion to dismiss (Dkt. 60) is **GRANTED**. Plaintiff's ADA claim shall proceed to trial, and Plaintiff's workers' compensation claim is dismissed for lack of subject matter jurisdiction.

**It is SO ORDERED**.

**SIGNED this 23rd day of October, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE