IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE G. JACKSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:16-CV-774-KPJ |
| CITY OF SHERMAN, TEXAS, | § § § | |
| Defendant. | § | |

**FINAL JUDGMENT**

This action came for trial on February 5, 2018. Plaintiff Ronnie G. Jackson ("Plaintiff") and Defendant City of Sherman, Texas ("Defendant") appeared and announced ready. As a jury had previously been requested, the Court impaneled and swore eight jurors who heard the evidence and arguments of counsel. Following the arguments of counsel and the charge of the Court, the jury retired to deliberate. Thereafter, on February 9, 2018, the jury reached a unanimous verdict, finding in favor of Plaintiff and against Defendant on all claims. *See* Dkt. 134.

On February 22, 2018, Plaintiff filed a proposed final judgment (*see* Dkts. 119 and 119-1). Defendant filed a brief in opposition (Dkt. 121), submitting its own proposed final judgment (*see* Dkts. 120 and 120-1). Defendant objects to the jury's advisory opinion that Plaintiff be awarded front pay damages in the amount of $8,860.00. Plaintiff filed a response to Defendant's brief (Dkt. 121).

"Front pay" covers monetary damages for future lost wages and benefits and is awarded only when reinstatement is not feasible because there is a hostile relationship

between the employer and employee. Front pay is an equitable remedy to be determined by the Court at the conclusion of the jury trial; however, an advisory opinion may be used. *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 527 (5th Cir. 2001)

Defendant argues that Plaintiff failed to meet his burden to establish that reinstatement was not feasible. *See* Dkt. 121. Defendant also argues, in the alternative, that an award of front pay constitutes an impermissible windfall of recovery for Plaintiff. *Id*. The Court finds Defendant's arguments unpersuasive, and is of the opinion that Plaintiff is entitled to front pay. As Plaintiff points out (*see* Dkt. 125), Defendant's own witnesses testified that Plaintiff's position of Lead Mechanic was no longer available. As to Defendant's argument in the alternative, the Court does not agree with Defendant's contention that Plaintiff is no longer physically able to work as a mechanic due to a permanent lifting restriction. *See* Dkt. 121. No evidence was presented at trial to establish that Plaintiff remains under a lifting restriction. Furthermore, Plaintiff testified that he is not under any physician restrictions with his current job.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Plaintiff Ronnie G. Jackson recover the sum of **$46,485.04** and his costs of court from Defendant City of Sherman, Texas. Plaintiff should also be awarded fair and reasonable attorneys' fees to be determined at a later date.

Post-judgment interest is payable on all of the above amounts allowable by law at the rate of 1.87 percent, from the date this judgment is entered until the date this judgment is paid.

This judgment is intended to be **FINAL** for purposes of appeal. The judgment disposes of all parties to this action and all claims.

This matter shall be closed on the Court's docket, and all relief not otherwise granted is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 27th day of February, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE